UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE: :
MARY M. VANSCOYK, : Chapter 13
Debtor(s) : Case No. 17-11746

## CHAPTER 13 PLAN

**I. Notice**

   NOTICE TO ALL CREDITORS THAT THIS PLAN AND ALL OF ITS PROVISIONS ARE SUBJECT TO DEL. BANKR. L.R. 3023-1 AND YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN. IF YOU OPPOSE THE PLAN'S TREATMENT OF YOUR CLAIM OR ANY PLAN PROVISION YOU OR YOUR ATTORNEY MUST FILE AN OBJECTION TO CONFIRMATION AT LEAST 7 DAYS BEFORE THE DATE SET FOR THE CONFIRMATION HEARING. THE BANKRUPTCY COURT MAY CONFIRM THIS PLAN WITHOUT FURTHER NOTICE IF NO OBJECTION IS FILED. SEE BANKRUPTCY RULE 3015. YOU SHOULD NOTE THE FOLLOWING (boxes must be checked by debtor(s) if applicable):
   ☐ The plan seeks to limit the amount of a secured claim, as set out in III.2, which may result in partial payment or no payment at all to the secured creditor
   ☐ The plan will seek avoidance of a lien or security interest
   ☐ The plan contains nonstandard provisions in paragraph VI.

**II. Plan Payments and Length of Plan**

   The future earning of the debtor are submitted to the supervision and control of the Court and the Debtor's employer or the Debtor shall pay to the trustee the sum of $273 (monthly) for 60 months.

**III. Plan Distribution**

   From the payment so received, after deduction of allowed Trustee's commission, the Trustee shall make disbursements as follows:

   1. **Priority Claims:**
      Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. Section 507.

         X(A) Debtor's Counsel Fees – Doreen H. Becker, Esq of Upright Law, LLC - $2,450
            ☐(B) Priority Taxes (specify tax and tax year due) _____
            ☐(C) Domestic Support Obligations _____
            ☐ (D) Other Priority or Administrative Expenses _____

2. **Secured Claims –** (boxes must be checked)
   ☐ Pro-rata with or
   ☐ subsequent to dividends to priority creditors, holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

   ☐ (A) Long term or mortgage debt – PRE-PETITION ARREARAGE ONLY  - to be paid to (mortgagee creditor)_____ $ total amount of pre-petition arrears for the real property (collateral identified).
   ☐ Debtor shall continue to make regular post-petition payments directly to (mortgagee creditor).  This Section of the Plan specifically incorporates all of the provision affecting mortgage claims as set forth in Del. Bankr. L.R. 3023-1(b) and the parties shall be so governed.

   ☐ (B) Secured Vehicle debt (cramdown) – Pro-rata payments to _____ in the amount of $_____ for payment in full of the value of the property or in equal monthly payment of $_____ per month for the _____(collateral)___. Total payments will be $_____.

   ☐ (C) Secured Vehicle debt (910 car claim) – Pro-rata payments to _____ in the full amount of the vehicle claim or in equal monthly payments of $_____ per month for the _(identify vehicle)____. Total payments will be $_____.

   x (D) – Other secured debt: Santander/Chrysler Capital for the 2015 500 Fiat to be paid the sum of $12,453 representing payment in full plus interest.  Upon receipt of this sum Santander/Chrysler to satisfy its lien on the title.

3. **Surrender of Collateral and Co-Debtor Relief**:
   X(A) Debtor surrenders secured collateral to: Seterus Inc/ 1410 Windsor Ave., Wilmington, DE 19804
   > Debtor(s) abandons such property and agrees that the Automatic Stay under 11 U.S.C. Section 362 is terminated as to the property and any interest in the property effective immediately on confirmation of this Plan.  Claims, if any submitted by such creditor may receive a distribution under the Plan if such claims reflect an applicable deficiency balance remaining following surrender.

   ☐ (B) Co-Debtor relief under 11 U.S.C. Section 1301 is granted effective immediately upon confirmation of the Plan as to surrendered property.

4. **Unsecured Claims**:
   Subsequent to dividends to priority and secured creditors, dividends to allowed non-priority general unsecured creditors shall be distributed as follows:

   General unsecured creditors will be paid ☐ a dividend of 100% of their allowed claim or X a pro rata dividend of
   ☐1. _____BIOC or

☐ 2. _____Disp. Income x 60 months as calculated under Section 1325(b), or

X3. a pro-rata dividend from the base plan, if any.

**IV. Leases or Executory Contracts:** (If applicable) The following leases or executory contracts of the debtor will be treated as follows:

**V. Vesting of Property:** Title to Debtor's property shall revest in the debtor on confirmation of the Plan, except for undistributed plan payments held by the Trustee. Unless otherwise ordered, upon conversion of this case to Chapter 7 all undistributed plan payments received from a debtor's post-petition wages shall be refunded to the debtor(s). Upon dismissal, unless otherwise ordered, the Trustee is authorized to disburse undistributed plan payments to allowed claimants to in accordance with this Plan.

**VI. Nonstandard Provisions:** Any other nonstandard provision placed elsewhere in this plan is void.

**VII. Filing Proof of Claim Required:** A proof of claim must be filed in order to share in distributions under the plan. A proof of claim may be filed either electronically or as paper. To file an electronic claim, go to the website www.deb.uscourts.gov and click on "Services and Forms" then click on Bankruptcy Forms, then Select B410-Proof of Claim. Completed paper claims should be delivered or mailed to United States Bankruptcy Court, Attn: Claims 824 Market Street, 3td Floor, Wilmington, DE  19801.


Mary M. Vanscoyk
Debtor's Signature                                                        Date:  August 9, 2017



**The undersigned certifies that this plan contains no nonstandard provision other than as set forth in paragraph VI above.**


/s/ Doreen H. Becker, Esq.
Holfeld & Becker
1217 King Street
Wilmington, DE  19801
Attorney for Debtor(s)                                                    Date:  August 9, 2017


                                                                    Revised From 103 (2017)

CHAPTER 13 ANALYSIS

Debtors:  Mary M. Vanscoyk                    Date: August 9, 2017

Case # 17-11746                                                    Trustee Use:

Prior Bankruptcy ( )  Chapter 13 ( )        Sec. 341 Mtg. Date:_____
                                            Continued:_____
Estimated Length of Plan: 60 months         Confirmed:_____

Total debt provided for under the administrative expenses:

A.  Total Priority Claims (class one)
    1.  Unpaid attorneys' fees                          $  2,450.00
    2.  Taxes – school & property taxes                 $      -0-
    3.  Other   - income                                $      -0-
B.  Total of payments to cure defaults (class two)      $      -0-
C.  Total of payments on secured claims (class three)   $ 12,453.00
D.  Total of payments on unsecured claims (class four)  $      -0-
E.  Subtotal                                            $ 14,903.00
F.  Total Trustee's compensation (10%)                  $  1,490
G.  Total debt and administrative expenses              $ 16,393

Reconciliation with Chapter 7
H.  Interest of class four creditors if Chapter 7 filed
    1.  Value of debtors' interest in non-exempt property   $   -0-
    2.  Plus:  Value of property recoverable under avoiding
        powers                                              $   -0-
    3.  Less: estimated Chapter 7 admin. Expense            $   10%
    4.  Less: amounts payable to priority creditors other
        than costs of administration                        $   -0-
    5.  Equals:  estimated amount payable to class four
        creditors if Chapter 7 filed (if negative, enter zero)  $   -0-
I.  Estimated dividend for class four under Chapter 7       $   -0-
J.  Estimated dividend for class four under Plan            $   -0-

/s  Doreen H.Becker                 /s/  Mary M. Vanscoyk
Doreen H. Becker, #2720             MARY M. VANSCOYK
Holfeld & Becker                      Debtor
1217 King Street
Wilmington, DE  19801
(302) 654-3535
Attorneys for Debtor